Edwards, Ch. J.
delivered the following opinion of the court: — Three questions have been made, in the argument of this cause:
Is the cause now open, as if it had never been acted, upon by the court of appeals ?
If not, -to what extent is it open ?.
Was not the exercise of jurisdiction, by foe court-of appeals, at a term ¡subsequent to -that at which the fust decree was pronounced, coram non judice ?
*447 ■. The first: question' has-been argued in die affirmative, by supposing die decree rendered by the court of apt peals betweemthe parties, and sent down to the court below, to be carried into effect, was only interlocutory, and not final. Hut' we are of opinion, it was final as to evev ry thing which was adjudged and: determined by that decree ; or, in other words, that it was fined as to the matter of right. The act of assembly,, establishing the' court of appeals, provides, that “ The court of appeals* shall, i* case oí a; partial reversal, give such judgment or decree as the inferior court ought to have given.’* And’the next clause of the act, declares, that “ On appeals, and writs of error, it shall be lawful lor the court' of appeals, to' issue execution; or remit the cause to the' inferior court, ini order that execution' may there issue ⅜ or,.that other proceedings may be had thereupon” (a). These clauses, taken together, provide for two distinct cases; andtheir justexpositionwill remove all diffifculty on the subject.
The clear intention of the law, is, that where the j udgement or decree, from its nature, requires nothing further to.be done, to. effectuate it, but1 execution to bé issued? theteon,. this, court may either retain the cause, and* award, the execution themselves-, or remit the causé to' the.court: below, that execution may there be done, iff both cases the judgment or decree is equally finah
But where it is necessary, “that other proceedings” shall be had, necessary fbr, or preparatory to the complete effectuation of the judgment, before it can be car--ried into execution, it is conceived to be the duty of the-court, in all oases, to remit the cause to the inferior court for those “ other proceedings” to be there had in the' cause; such as the making of a survey; the settlement of rents;.and profits ; and other similar proceedings.
But surely the law did not intend, that in the latter description of cases; the judgment Or decree of this court, settling the matter» of right between the patties, shomldsbe!less-conclusive than in the1 formen The le* gislature foresaw, and has provided for the inconvenience that would httue’ariseiiftom: this court itself having to preside over, and settle those appendages of the right, determined by their judgment or decree; and had-wisely, refered theta to the inferior tribunes, subject to the correction of this court, as in other cases. «
*448 A contrary construction of the law, would involve the absurdity of an appeal from the decree of the appellate tribunal, to itself ; and the still greater absurdity of the reversal of the proceedings of the inferior tribunal, because it had Obeyed the mandate of this court. If this were tolerated by the law, there would be no end to appeals and writs óf error. We are, therefore, of opinion, that this cause is not now open, as if it had never been acted upon in the court of appeals.
The second question will be considered, after the third is disposed of.
On the third question, we aré of opinion, that-the second decree made by this court, in the cause, by the consent of the was hot non coram. judicei
. It must be admitted as a general principle, that consent cannot give jurisdiction : but this principle only applies to originial jurisdiction ; or in other words; to those cases where the court never had, by laiv, jurisdiction id the case. But where the court once had jurisdiction; although the power may have been executed, so that without the consent of parties, the court, could not change their former judgment or decree, the jurisdiction may be, and in many cases has been, restored by consent. In such cases, the maxim “ consent takes away error,” applies. 2 Wash. Rep. 213, recognizes this distinction.
1 From the decision on the first and third questions, the answer to the second, clearly follows — that this cause is now open, so far only, as is necessary to ascertain whether the general court has given a proper exposition to the decree of this court, and has carried it into effect, according to its true intent and meaning.
It appears that the surveyor had returned á report tti the general court, which was excepted to, and set aside; upon a supposition that it had been executed contrary to the true meaning of the decree of this court, which had been entered upon the records of the general court : and it is alleged, that the former decree of this court, is inri practicable.
It is true, the decree appears, from the surveyor’s re-» port, not to be literally practicable, on account of Myers’s improvement being so far removed from the town spring, and improvement,* that the half way line drawn *449 between them, falls outside of the intersection of the half way line between the town, spring, and Fisher’s Spring and improvement, and the half way line between trie tpwh spring;, and Fields’s spring and improvement.
The surveyor’s report, which was excepted to, seems to us to have been executed in conformity with the true intent and meaning of the decree of this court, made the decree of the general court; and that the halfway line between the town spring and Myers’s spring, should be considered as surplusage in the decree ; in ás much as the survey is completed without it, by the intersection of the half way linés between the town spring and Fisher’s spring, and the town spring and Fields’s spring.
Wherefore, it is decreed and ordered, that the decree of the general court, giving an exposition to the former decree of this court, contrary to the foregoing opinion, and directing a survey to be made agreeably to such exposition ; and also their order setting aside the surveyor’s report, which was made and returned to the general court agreeably to the said former decree of this court, shall be, and are hereby reversed and set aside : and it is further ordered, that this cause be remanded to the said general court ; which court is directed to enter up a decree between the parties, pursuant to the said former decree of this court, according to its true intent and -meaning, as recognized and explained in the foregoing opinion : and it is further decreed and ordered, that each of the parties pay their own costs in this behalf expended. Which is ordered to be certified to said court.

(a) Afls of 1796-7. p- 7°, ⅜1 Brad’ 3’

 Objefts called for in Crow’s entity.